| iFOGG, Judge,
dissenting in part and concurring in part.
I respectfully dissent in part and concur in part. For the following reasons, I disagree with the majority’s disposition of the issues concerning the passing of the bucket, the cash contributions received by mail and the Duke Report. In all other respects, I concur in the majority opinion.
I disagree with the majority’s conclusion that the passing of the bucket by the Duke *1292 campaign does not meet the requirements of a paraphernalia sale as set forth in LSA-R.S. 18:1491.5B(2)(a). The majority bases this conclusion on two theories: (1) the spirit of LSA-R.S. 18:1491.5B(2) and the intent of the legislature would be violated if a candidate were allowed to utilize this method; and (2) the passing of the bucket method does not constitute a sale, as required by the language of the statute.
The function of the judicial branch of government is to apply the laws as written when they are clear and unambiguous. Louisiana Civil Code article 9 provides that “[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” The language of LSA-R.S. 18:1491.5B(2)(a) is clear and unambiguous; it requires “a single transaction involving the sale of items such as campaign pins, buttons, badges, flags, emblems, hats, banners, literature, and similar material which is for an amount not in excess of twenty-five dollars_” The application of this statute does not require a reference to the intent of the legislature. Additionally, the clear language does not require a “one-on-one” transaction, as does the majority.
In these ways, the majority’s interpretation of the statute ^expands the actual language of the statute to include requirements not set forth by the legislature, giving it a meaning that is broader than its terms. This result not only effects this candidate, but disadvantages all political candidates by imposing greater restrictions than are statutorily required.
The majority further determines that the transactions which occurred when the buckets were passed do not meet the requirements of a sale as set forth in LSA-C.C. art. 2439 and, therefore, cannot be considered paraphernalia sales. LSA-C.C. art. 2439 provides that the thing, the price, and the consent of the parties are requirements for the perfection of a sale. LSA-C.C. art. 2464 further states that a price must be fixed by the parties in a sum either certain or determinable through a method agreed by them. In the instant case, each contributor offered a certain sum to the campaign volunteer; the campaign volunteer accepted the sum which was then exchanged for a piece of paraphernalia. In my opinion, this method of setting the price and identifying the thing to be sold is not precluded by the sales articles of the Civil Code.
Finally, I do not believe the record supports the majority’s finding that the trial court manifestly erred in determining that due diligence was exercised with respect to the passing of the bucket. In reversing the trial court on this issue, the majority relies on the conclusion that “a fair reading” of a part of Paul Allen’s testimony shows that he did not receive approval from the Supervisory Committee for the use of the passing of the bucket method as a valid means of meeting the requirements of a paraphernalia sale. While it may be accurate that the testimony could be interpreted in this way, I do not believe that such is sufficient to find manifest error in the trial court’s more favorable appreciation of the evidence. Furthermore, I disagree with the majority’s conclusion that, because Allen did not receive approval for the passing of the bucket method from the Supervisory Committee, he did not exercise due diligence. Although an inquiry to the Supervisory Committee concerning a campaign practice will undoubtedly support the contention that due diligence was ^exercised, it does not follow that no inquiry will result in a lack of due diligence. A determination of whether due diligence was exercised is made on review of the entire circumstances. After carefully reviewing the entire record, I do not find that the trial court manifestly erred in determining that due diligence was exercised with respect to the passing of the bucket. For these reasons, I would affirm the trial court’s judgment with respect to the issues concerning the passing of the bucket.
Athough the campaign did violate the disclosure requirements with respect to the cash contributions it received by mail, the trial court found that the Duke campaign *1293 exercised due diligence in construing the statute to require receipts for cash contributions only in face-to-face encounters. The testimony supports this conclusion, particularly because accurate records of the names and addresses of persons who sent money through the mail were maintained; therefore, the only part of the statute the Duke campaign failed to comply with is that concerning receipts. I believe the trial court was not manifestly wrong in determining that due diligence was exercised; therefore, I would affirm the judgment of the trial court in this respect.
With respect to the assignment of error concerning the Duke Report, I disagree with the majority’s application of the penalty provision. The statute requires a penalty be assessed of not more than five thousand dollars or the amount of the violation, whichever is greater, but does not mandate a minimum dollar figure which must be assessed. I believe the trial court did not abuse its broad discretion in setting the penalty at the least amount possible under the statute. Therefore, I would not disturb the trial court’s judgment with respect to this issue.
Before WATKINS, GONZALES, FOGG and PARRO, JJ., and TANNER [1] J. Pro Tem.

. Judge Thomas Tanner, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.